UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| JAMES HAMRAC and STEPHANIE HAMRAC, Husband and Wife, and JAMES HAMRAC and STEPHANIE HAMRAC, as natural parents and guardians of ▆▆▆▆▆▆▆, a minor, | * * * * * * | Case No.: _____ |
| Plaintiffs, | * | |
| vs. | * * | |
| DOREL INDUSTRIES, INC., DOREL JUVENILE GROUP, INC., d/b/a COSCO JUVENILE, TOYS R US - DELAWARE INC., and SAMUEL J. JAMES, | * * * * * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

Defendants Dorel Industries Inc., Dorel Juvenile Group, Inc. d/b/a Cosco Juvenile, and Toys R Us - Delaware, Inc. ("Defendants"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove this action from the Circuit Court In And For Escambia County, Florida, where the action is now pending, to the United States District Court for the Northern District of Florida, Pensacola Division. In support thereof, Defendants state as follows:

This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

## I. **RELEVANT PROCEDURAL FACTS**

1.     Plaintiffs James and Stephanie Hamrac, as husband and wife and natural parents and guardians of ▒▒▒▒▒▒, initiated this suit in the Circuit Court of Escambia County, Florida against Defendants.     The case is styled, "JAMES HAMRAC and STEPHANIE HAMRAC, Husband and Wife, and JAMES HAMRAC and STEPHANIE HAMRAC, as natural parents and guardians of ▒▒▒▒▒ HAMRAC, a minor, PLAINTIFFS, vs. DOREL INDUSTRIES, INC., DOREL JUVENILE GROUP, INC., d/b/a COSCO JUVENILE, TOYS R US - DELAWARE INC., and SAMUEL J. JAMES," and is assigned Civil Action No. CV-2009-CA-002132.  Plaintiffs effected service of the Complaint upon Toys R Us - Delaware, Inc. on or about August 13, 2009.  Plaintiffs effected service of the Summons and Complaint upon Defendant Dorel Juvenile Group, Inc. on or about August 17, 2009.  Plaintiffs effected service upon Defendant Dorel Industries Inc. on or about August 20, 2009.  According to the Escambia County docket sheet, no service has been effected on Defendant Samuel J. James.

2.     This notice is filed in the United States District Court for the Northern District of Florida, within the time allowed by law for the removal of civil actions.  Pursuant to Local Rule 7.1, concurrent with this Notice of Removal, Defendants have filed a true and correct copy of all summons, pleadings, Orders and motions that were served upon them and filed in the Circuit Court action.

3.     Plaintiffs allege that they have suffered substantial damages arising from a motor vehicle accident which occurred on or about April 6, 2003.  (Complaint ¶¶ 2–3). They allege that the minor child Plaintiff hit the back of the passenger seat in front of him due to an alleged failure of a locking mechanism on his child car seat manufactured and

2

sold by Defendants. (Complaint ¶ 4). Plaintiffs allege that they discovered that the minor child Plaintiff suffered a brain injury as a result of this accident in November of 2005. (Complaint ¶ 6). They allege that the minor Plaintiff sustained "bodily injury, pain, suffering, impairment, disability, disfigurement, mental anguish, loss of capacity of the enjoyment of life, expense of hospitalization, medical care and treatment and will sustain loss of earning capacity," and that these injuries are permanent. (Complaint ¶¶ 15, 20, 26, 33). Plaintiffs allege that Plaintiffs James and Stephanie Hamrac have further lost "companionship, society, love, affection and solace in the past and in the future until the child reaches the age of majority." (*Id.*)

## II. THE CITIZENSHIP OF THE PARTIES

4.     Plaintiffs are residents of Escambia County, Florida and are citizens of the State of Florida. (Complaint ¶ 5).

5.     Defendant Dorel Industries Inc. is a foreign corporation organized and existing under the laws of Canada with its principal place of business in Montreal, Quebec. Dorel Industries Inc. is not a proper Defendant in this case, as it did not manufacture or sell Plaintiffs' car seat, but in any event is not a citizen of the State of Florida.

6.     Dorel Juvenile Group, Inc. "d/b/a Cosco Juvenile" ("DJG") is a Massachusetts corporation with its principal place of business in Indiana. DJG does manufacture car seats, but is not a citizen of the State of Florida.

7.     Defendant Toys R Us - Delaware, Inc. ("Toys R Us") is a Delaware corporation with its principal place of business in New Jersey. Toys R Us Inc. is not a citizen of the State of Florida.

3

8.    Defendant Samuel J. James, the alleged Manager of the Toys R Us store where the car seat allegedly was purchased, is a resident and citizen of the State of Florida. However, neither the citizenship or the consent of Mr. James is relevant to these Defendants' removal of the Circuit Court action because he has been fraudulently joined. *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1299–1300 (N.D. Fla. 2004). For the reasons stated below, there is no possibility that Plaintiffs can prove a legal cause of action against Mr. James. As such, Mr. James is not an appropriate Defendant and has been sued for the sole purpose of defeating the jurisdiction of this Court.

9.    It is well settled that an action may be removed where the only bar to complete diversity is the fraudulent joinder of a non-diverse Defendant. *Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 (11th Cir. 1998); *Fowler v. Wyeth*, No. 3:04-CV-83/MCR, 2004 WL 3704897 (N.D. Fla. May 14, 2004). The two most common situations where a joinder is deemed fraudulent are: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse party) and (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Triggs*, 154 F.3d at 1287; *Tran v. Waste Management, Inc.,* 290 F. Supp. 2d 1286, 1292 (M.D. Fla. 2003). Whether a joinder is fraudulent is determined on the basis of the Plaintiff's pleadings and whether they present a colorable claim under state law at the time of removal. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

10.    Under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), Plaintiffs must also present a plausible theory of recovery supported by real facts. Under this standard, Mr. James has been fraudulently joined in this lawsuit.

4

11.     The only allegations against Mr. James appear in Count V of the Complaint, which attempts to assert breach of implied warranty claims against him. Paragraph 32 of the Complaint alleges that Defendant James "had the responsibility for becoming aware of implied warranties of his merchandise . . . and to ensure that customers buying merchandise such as the child car seat referred to in this Complaint were aware that this seat may not prevent the occupant of the seat from being injured as ▄▄▄▄▄▄▄▄ was injured as referred to above." Paragraph 33 of the Complaint asserts that "as a result of the failure of Defendant James to limit the implied warranty referred to in Count III, ▄▄▄▄ ▄▄▄▄▄ was injured."

12.     These paragraphs do not assert a valid breach of implied warranty claim against Defendant James. They allege only that Mr. James had some obligation to limit warranties either given or imposed by law by a third party, the manufacturer. This claim fails as a matter of law on two independent grounds.

13.     First, there neither is nor can be any claim that Mr. James was a party to any agreement with Plaintiffs. To demonstrate a breach of warranty, Florida law requires Plaintiffs to demonstrate privity of contract. *Kramer v. Piper Aircraft*, 527 So. 2d 37, 39 (Fla. 1988); *T.W.M v. American Medsys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995). Reported decisions examining suits against sales representatives have recognized that, "Florida courts have required privity between the manufacturer and the consumer of the product in order for the consumer to assert an implied warranty claim." *Baker v. Danek Medical,* 35 F. Supp. 2d 875, 878 (N.D. Fla. 1998). In this case, there is no viable claim for breach of implied warranty against Mr. James under Florida law as Plaintiffs entered into no contract with him. Rather, according to Plaintiffs' Complaint, they were given the

5

car seat, which someone else purchased from Mr. James' employer, Toys R Us. (Complaint ¶ 22).

14.    Second, even if privity did somehow exist with Mr. James, the cause of action pled does not exist under Florida law. Florida's product liability causes of action for breach of warranty are based on the Uniform Commercial Code. *Rose v. ADT Sec. Services, Inc.*, 989 So. 2d 1244, 1248 (Fla. Dist. Ct. App. 2008). The available causes of action in Florida under the Uniform Commercial Code for allegedly unsatisfactory product performance are (a) breach of express warranty, (b) breach of the implied warranty that the product be fit for its ordinary purposes (a/k/a "merchantability"), and (c) breach of the implied warranty of fitness for a particular purpose. FLA. STAT. §§ 672.314, 672.315 & 672.316. There is no such thing as a warranty claim for failure to limit the warranties given by a third party. In fact, such a claim is entirely antithetical to the concept of warranty, because a warranty by definition is a representation made by the Defendant to the Plaintiff, not a failure to prevent somebody else from making such a statement. *See, e.g., Vilord v. Jenkins*, 226 So. 2d 245, 247 (Fla. Dist. Ct. App. 1969). Thus, Plaintiffs' claim against Mr. James fails as a matter of law on this ground as well.

15.    In sum, Plaintiffs have no reasonable possibility of prevailing on their claims pled against Mr. James. His presence serves no purpose other than to frustrate the lawful right of these Defendants under 28 U.S.C. § 1441 to remove this action to this Court. Accordingly, for purposes of diversity jurisdiction, Mr. James should be considered fraudulently joined and his citizenship should be ignored for purposes of determining whether diversity of citizenship exists.

16.     The removing Defendants will shortly tender a separate Motion to Dismiss co-Defendant Samuel L. James, pursuant to Rule 12(b)(6), on the grounds that the claim against him fails to state a claim upon which relief can be granted.  Defendants respectfully request that this Court enter an Order dismissing Mr. James as a Defendant in this cause and accepting jurisdiction of this case.

17.     Absent this fraudulently joined Defendant, Defendants are the only remaining parties and are completely diverse as to Plaintiffs.

### III.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

18.     In addition to the complete diversity between Plaintiffs and the legitimate Defendants, this Court also has jurisdiction over this action under 28 U.S.C. § 1332(a) because Plaintiffs seek damages that facially appear to exceed $75,000.00.

The Eleventh Circuit has explained the approach a district court should take in evaluating the amount in controversy in a case that has been removed from state court, as follows:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.   If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

*Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001); *Glaze v. M.R.A. Holding, LLC,* No. 2:03CV221FTM29SPC, 2003 WL 21981978, at *1 (M.D. Fla. July 11, 2003).

19.     Plaintiffs have not pled a specific amount of money damages in the Complaint, instead employing boilerplate language that the damages exceed $15,000, the jurisdictional minimum of the state circuit court.   As noted above, Plaintiffs claim a

significant and debilitating brain injury, pain and suffering, medical expenses and numerous other items of damage for ▨▨▨▨▨▨. (Complaint ¶¶ 6, 15). The separate non-economic claims of his parents alone likely would separately exceed $75,000 in their own right, but in any event, their claims are removable solely by virtue of ▨▨▨▨ claims exceeding the jurisdictional threshold, as all of Plaintiffs' claims arise out of the same controversy. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005).

20.     Based on these allegations and claims for damages, it is clear that a verdict in favor of the Plaintiffs in this case would exceed the $75,000 amount in controversy requirement for diversity jurisdiction. *Glaze,* 2003 WL 21981978 at *1. Should the Court require further proof regarding the amount in controversy, Defendants request jurisdictional discovery and an evidentiary hearing regarding Plaintiffs' injuries and the amount of damages they seek. *See Williams*, 269 F.3d at 1321 (stating that where a defendant has not met its burden of establishing that the amount in controversy exceeds $75,000, the proper procedure is to allow Defendants "an opportunity to meet their burden as to this requirement of diversity jurisdiction.").

## IV. DEFENDANTS HAVE COMPLIED WITH REMOVAL PROCEDURES

21.     This Notice of Removal is filed within 30 days of service of the Summons and Complaint on the earliest served Defendant. A true copy of this Notice of Removal is concurrently filed with the Clerk of the Circuit Court of Escambia County, Florida as required by 28 U.S.C. §1446(d).

22.     If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of its

position that this cause is removable and the conduct removal related discovery is appropriate. *See Williams*, 269 F.3d at 1321.

WHEREFORE, Defendants Dorel Industries Inc., Dorel Juvenile Group, Inc. d/b/a Cosco Juvenile and Toys R Us - Delaware, Inc., desiring to remove this cause to the United States District Court for the Northern District of Florida, Pensacola Division, being the district and division of said court for the county in which said action is pending, pray that the filing of this Notice of Removal with the Clerk of the Circuit Court of Escambia County, Florida, shall effect the removal of said suit to this Court.

Respectfully submitted,

_/s/ MICHAEL A. MONTGOMERY_____
JOHN C.S. PIERCE   (PIERJ0347)
MICHAEL A. MONTGOMERY  (0806811)
Attorneys for Defendants, Dorel Industries Inc.,
Dorel Juvenile Group, Inc., d/b/a Cosco Juvenile
and Toys R Us - Delaware, Inc.

OF COUNSEL:
BUTLER PAPPAS WEIHMULLER
  KATZ CRAIG, LLP
1110 Montlimar Drive, Ste. 1050
Mobile, AL  36609
Telephone:  251-338-3801
Facsimile:  251-338-3805
Email:  jpierce@butlerpappas.com
            mmontgomery@butlerpappas.com

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed and furnished to following this ____ day of September, 2009:

Samuel W. Bearman, Esq.
820 North 12th Avenue
Pensacola, FL  32501

> /s/ MICHAEL A. MONTGOMERY
> COUNSEL

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

JAMES HAMRAC and STEPHANIE HAMRAC,
Husband and Wife, and
JAMES HAMRAC and STEPHANIE HAMRAC,
as natural parents and guardians of
███████████████

a minor,

      PLAINTIFFS,

vs.                                   **CASE NO.:**

DOREL INDUSTRIES, INC. , DOREL              2009 CA 2132
JUVENILE GROUP, INC., d/b/a COSCO JUVENILE,           E
TOYS R US - DELAWARE INC. , and SAMUEL J. JAMES,

      DEFENDANTS.

---

## COMPLAINT

Now come the Plaintiffs, JAMES HAMRAC and STEPHANIE HAMRAC as

Husband and Wife, and as the natural parents and guardians of ████████████ a

minor, and file this lawsuit against the Defendants, Dorel Industries, Inc. and Dorel

Juvenile Group, Inc., d/b/a Cosco Juvevnile, Toys R Us - Delaware Inc., and Samuel J.

James and show to the court the following:

## I. INTRODUCTORY ALLEGATIONS

1.     This is an action for damages against the Defendants in excess of Fifteen

Thousand Dollars ($15,000.00).

2.     On or about April 6, 2003, the ward, ████████████ who was 3 years old,

was in a child car seat and the child car seat was attached to the rear seat in a motor

vehicle owned and operated by his father, James Hamrac.



EXHIBIT

A



Case: 2009 CA 002132
00087646243
Dkt: CA1024 Pg#: 10

3.    On April 6, 2003, in Escambia County, Florida, this vehicle owned and operated by James Hamrac was stopped at a stop light and was hit in the rear by a vehicle and that collision pushed the Hamrac vehicle into the vehicle in front of it.

4.    As a result of these two collisions, the locking mechanism that was part of the child car seat that locked over the chest of ████████ broke which allowed the straps which were over the shoulders of ████████ to release and caused ████████ to propel forward from the child car seat and hit his head on the back of the passenger seat in front of him.

5.    At all times pertinent to this Complaint, both the guardians and the ward were residents of the state of Florida.

6.    The guardians did not discover the facts giving rise to the causes of action in this lawsuit until the diagnosis of a brain injury sustained by ████████ was made in November, 2005.

7.    At all times pertinent to this Complaint, the Defendants, Dorel Juvenile Group, Inc. and Dorel Industries, Inc., were closely associated corporations which both did business as Cosco Juvenile and made the child car seat referred to above. These two corporations will hereinafter to be referred to as Dorel. Both of these corporations are Foreign corporations and registered to do business in the state of Florida.

8.    Dorel submitted itself to the jurisdiction of this court by doing through its agents the following acts:

   A.    Committing tortious acts by distributing, selling, and delivering defective child car seats, including the child car seat which is the subject of this Complaint and, as a result, the Plaintiffs were given the child car seat which

had been purchased at the  Toys R Us store in Pensacola, Florida.

B.      The tortious acts referred to above caused injuries to ████████████ in

Florida.

## II. THE PRODUCT

The subject of this Complaint is a Cosco Juvenile car seat that was being used at the

time of the accident referred to above. This child car seat was designed, engineered,

manufactured, and distributed by Dorel and the Plaintiffs were given the seat after it was

purchased from Toys R Us in Pensacola, Florida, which had purchased the seat from Dorel

for purposes of selling it to the public.

## COUNT I
## STRICT LIABILITY AGAINST DOREL

9.      Paragraphs one (1) through eight (8) are realleged.

10.     At all times material to this Complaint, Dorel was in the business of

designing, testing, inspecting, marketing, packaging, labeling, distributing, and selling

child car seats.

11.     Dorel placed the child car seat which is the subject of this Complaint on the

market with knowledge that it would be used without inspection for defects or unknown

dangers. Dorel knew or should have known that ultimate users, operators, or consumers

would not and could not properly inspect this product for defects and dangerous conditions

and that detection of such defects or dangers would be beyond the capabilities of such

persons.

12.     The subject child car seat was defective and unreasonably dangerous to

ultimate users, operators, or consumers when sold and distributed by Dorel as follows:

The child car seat included at least two locks. One lock was to be placed on the chest area of the occupant of the seat and would lock straps that went over both shoulders of the occupant of the seat to prevent the occupant from going forward, particularly in the event of a collision. This lock included a piece that slid into the locking mechanism and this sliding piece had a cap on it which, when it slid into the locking mechanism, rose to a position that secured the lock. However, this cap was not adequately attached to this sliding piece and, as a result, in a collision the cap could come loose and fall off which would result in the sliding piece releasing from the locking mechanism and the shoulder straps being released from the occupant of the car seat.

13.     For those reasons set forth above, the subject car seat was unreasonably dangerous to foreseeable users, including ███████████ who used the car seat in an ordinary and foreseeable manner.

14.     The defect described above directly and proximately caused the injury sustained by ███████████ in that when the collisions occurred as described above the lock on the chest which was holding the shoulder straps on ███████████ released and, therefore, the shoulder straps released and came off ███████████ which resulted in his projecting forward and his head hit the seat in front of him.

15.     As a direct and proximate result of the foregoing, ███████████ sustained bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity of the enjoyment of life, expense of hospitalization, medical care and treatment and will sustain loss of earning capacity. These injuries to ███████ ███████ are of a permanent nature and he will continue to suffer losses in the future. Also,

James and Stephanie Hamrac as parents of ████████ have lost the child's
companionship, society, love, affection and solace in the past and in the future until the
child reaches the age of majority.

WHEREFORE, the Plaintiffs ask for judgment against the Defendant Dorel for
compensatory damages, costs, and for such other relief as the court deems just and
appropriate and a trial by jury on all issues so triable.

## COUNT II
## NEGLIGENCE AGAINST DOREL

16.    Paragraphs one (1) through ten (10) are realleged.

17.    Defendant Dorel knew or in the exercise of reasonable care should have
known that the subject car seat would be used without inspection and that it was in an
unreasonably dangerous condition which created foreseeable and unreasonable risks of
harm to the users of the car seat, including ████████ Dorel was under a duty to
properly and adequately design, test, inspect, label, provide adequate warnings for,
package, distribute, and sell the child car seat in a reasonably safe condition so as not to
present a danger to members of the general public who reasonably and expectedly, under
ordinary circumstances, would make use of a child car seat, including ████████.

18.    Defendant Dorel breached its duty by negligently designing, assembling,
testing, inspecting, labeling, packaging, failing to warn, distributing, and selling the child
car seat when it was not in a reasonably safe condition for foreseeable use as follows:

Defendant Dorel failed to design, assemble, test, and inspect the child car seat in
such a manner as to assure that its locks were secure and would operate in a  reasonably
safe manner under foreseeable circumstances and that the locks would be free of defects

and hazards and by improperly designing the child car seat to allow a situation where the cap which was on the sliding piece that slid into the locking mechanism to make up the lock that went on the chest of the occupant and held the shoulder straps over his shoulders, would release in a collision.

19.    The negligence described above directly and proximately caused the incident and injuries sustained by ▇▇▇▇▇▇▇ in that, when the collisions occurred which are described above, the cap on top of the sliding piece broke off which enabled the sliding piece to slide out of the locking mechanism which was on the chest of ▇▇▇▇▇▇▇ and resulted in the two shoulder straps releasing which allowed ▇▇▇▇▇▇▇ to hit the car seat in front of him as a result of the collisions referred to above.

20.    As a direct and proximate result of the foregoing, ▇▇▇▇▇▇▇ sustained bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity with the enjoyment of life, expense of hospitalization, medical care and treatment and will sustain loss of earning capacity.  These injuries to ▇▇▇▇▇▇▇ are of a permanent nature and he will continue to suffer losses in the future. Also, James and Stephanie Hamrac as parents of ▇▇▇▇▇▇▇ have lost the child's companionship, society, love, affection and solace in the past and in the future until the child reaches the age of majority.

WHEREFORE, the Plaintiffs ask for judgment against the Defendant Dorel for compensatory damages, costs, and for such other relief as the court deems just and appropriate and a trial by jury on all issues so triable.

## COUNT III
## BREACH OF IMPLIED WARRANTY AGAINST DOREL

21.     Paragraphs one (1) through ten (10) are realleged.

22.     Plaintiffs, James Hamrac and Stephanie Hamrac, were given the child car seat which is the subject of this Complaint during 2003, and it had been purchased from Toys R Us in Pensacola, Florida.

23.     Defendant Dorel impliedly warranted to James and Stephanie Hamrac that the child car seat was reasonably fit for its intended and reasonably foreseeable purpose, namely for the safe securing of a child in the seat while the motor vehicle was in use.

24.     The subject child car seat was defective and unreasonably dangerous to ultimate users, operators, or consumers when sold and distributed by Dorel as follows:

A.     The child car seat included at least two locks. One lock was to be placed on the chest area of the occupant of the seat and would lock straps that went over both shoulders of the occupant of the seat to prevent the occupant from going forward, particularly in the event of a collision. This lock included a piece that slid into the locking mechanism and this sliding piece had a cap on it which, when slid into the locking mechanism, rose to a position that secured the lock. However, this cap was not adequately attached to this sliding piece and, as a result, in a collision the cap could come loose and fall off which would result in the sliding piece releasing from the locking mechanism and the shoulder straps being released from the occupant of the car seat.

B.     No warnings were given that the straps in the child car seat would release in a collision, such as that which occurred as described above.

25.     This defect described above directly and proximately caused the injuries sustained by ▮▮▮▮▮▮▮ in that they directly and in a natural and continuous sequence produced or contributed substantially to his injuries. As a result, on April 6, 2003, ▮▮▮▮

█████ sustained injuries in the accident referred to above.

26.     As a direct and proximate result of the foregoing, ███████████ sustained bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity with the enjoyment of life, expense of hospitalization, medical care and treatment and will sustain loss of running capacity.  These injuries to ████████████ are of a permanent nature and he will continue to suffer losses in the future. Also, James and Stephanie Hamrac as parents of ████████████ have lost the child's companionship, society, love, affection and solace in the past and in the future until the child reaches the age of majority.

WHEREFORE, the Plaintiffs ask for judgment against the Defendant Dorel for compensatory damages, costs, and for such other relief as the court deems just and appropriate in a trial by jury on all issues so triable.

## COUNT IV
## STRICT LIABILITY AGAINST TOY R US - DELAWARE INC.

27.     Paragraphs one (1) through fifteen (15) are realleged.

28.     At all times material to this complaint, the Defendant Toys R Us - Delaware Inc. was a foreign corporation registered to do business in the State of Florida and did business as Toys R Us at a location on Brent Lane in Pensacola, Florida.

29.     Shortly before the accident referred to above which occurred on April 6, 2003, Defendant Toys R Us-Delaware Inc., hereinafter Toys R Us, sold the child car seat and it was purchased from the Toys R Us located in Pensacola, Florida and was given as a gift to James and Stephanie Hamrac for their son ████████

WHEREFORE, the Plaintiffs ask for judgment against the Defendant Toys R Us for

compensatory damages, costs, and for such other relief as the court deems just and appropriate in a trial by jury on all issues so triable.

## COUNT V
## BREACH OF IMPLIED WARRANTY AGAINST SAMUEL J. JAMES

30.     Paragraphs one (1) through ten (10) and twenty-one (21) through twenty-six (26) are realleged.

31.     At all times pertinent to this complaint, Defendant Samuel J. James was a resident of the State of Florida and was the manager of Toys R Us located in Escambia County, Florida. The actions he took or failed to take as alleged in this complaint were committed in the scope of his employment by Defendant Toys R Us.

32.     As the manager of Toys R Us, Defendant James had the responsibility for becoming aware of implied warranties of his merchandise, as referred to in the prior count, and to ensure that customers buying merchandise such as the child car seat referred to in this complaint were aware that this seat may not prevent the occupant of the seat from being injured as ▓▓▓▓▓▓▓ was injured as referred to above.

33.     As a result of the failure of Defendant James to limit the implied warranty referred to in Count III, ▓▓▓▓▓▓▓ was injured in the accident as referred to above and suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity with the enjoyment of life, expense of hospitalization, medical care and treatment and will sustain loss of earning capacity. These injuries to Jacob Hamrac are of a permanent nature and he will continue to suffer losses in the future. Also, James and Stephanie Hamrac as parents of ▓▓▓▓▓▓▓ have lost the child's companionship, society, love, affection and solace in the past and in the future until

the child reaches the age of majority.

WHEREFORE, the Plaintiffs ask for judgment against the Defendants Toys R Us

and Samuel J. James for compensatory damages, costs, and for such other relief as the

court deems just and appropriate in a trial by jury on all issues so triable.

Dated this _____ day of July 2009.

SAMUEL W. BEARMAN
Florida Bar No. 216127
820 North 12ᵗʰ Avenue
Pensacola, Florida 32501
(850) 438-1000
(850) 438-1022 Facsimile
Attorney for Plaintiffs

## CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.

I.   **CASE STYLE**

(Name of Court) ESCAMBIA COUNTY

**Plaintiffs**

James Hamrac and Stephanie Hamrac,
Husband and Wife, and James and Stephanie
Hamrac, as natural parents and guardians of
Jacob Hamrac, a minor

Case #: _____
Judge: _____

vs.

**Defendants**

Dorel Industries, Inc., Dorel Juvenile Group, Inc., d/b/a
Cosco Juvenile, Toys R Us-Delaware Inc., and Samuel J. James

II.   **TYPE OF CASE** (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ( )Simplified dissolution | ( )Professional Malpractice | ( )Contracts |
| ( )Dissolution | ( )Products liability | ( )Condominium |
| ( )Support - ly-D | ( )Auto negligence | ( )Real Property/Mortgage Foreclosure |
| ( )Support - Non ly-D | (X )Other negligence | ( )Eminent domain |
| ( )URESA - ly-D | | ( )Other |
| ( )URESA - Non ly-D | | |
| ( )Domestic violence | | |
| ( )Other domestic relations | | |

Case: 2009 CA 002132
00001453855
Dkt: CA2044 Pg#: 2

III. Is Jury Trial Demanded in Complaint
    (X )Yes
    ( ) No

Date: July 1, 2009

Signature of Attorney for Party
Initiating Action   SAMUEL W. BEARMAN

2

Rec'd & Filed
9-1-2009
Circut Civil

LAW OFFICE OF
SAMUEL W. BEARMAN, L.C.
INJURY AND DEATH CASES

820 N. 12TH AVENUE
PENSACOLA, FLORIDA 32501
TELEPHONE (850) 438-1000
FACSIMILE (850) 438-1022
TOLL FREE (800) 760-6065
WEBSITE: bearmanlaw.com
E-MAIL: sbearman@bellsouth.net

WORLD TRADE CENTER TAMPA BAY
1101 CHANNELSIDE DRIVE
TAMPA, FLORIDA 33602
TELEPHONE (813) 971-9300
FACSIMILE (850) 438-1022

REPLY TO: PENSACOLA

July 1, 2009

Clerk of Court
Escambia County- Civil Division
190 Governmental Center
Pensacola, FL 32572

RE:    Hamrac vs. Dorel Industries Inc.

Dear Sir/Madam:

Enclosed please find the civil cover sheet, summons, complaint, with an additional copy to be date stamped and returned and a firm check in the amount of $440.00 for the filing fee and issuance of summons.

Please return the Summons for service along with the date stamped complaint copy.

Very truly yours,

Lisa Wadley,
Paralegal to
SAMUEL W. BEARMAN
For the Company

/lw
Enclosures

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT,**
**IN AND FOR ESCAMBIA COUNTY, FLORIDA**

JAMES HAMRAC , et al.
      **Plaintiff(s),**

VS.

      **Case No.**    2009 CA 002132
      **Division:**    E

DOREL INDUSTRIES, INC. , et al.
      **Defendant(s).**

_____

**S U M M O N S**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint in the above styled cause upon the defendant DOREL INDUSTRIES, INC.

    Each defendant is required to serve written defenses to said complaint on plaintiff's attorney SAMUEL W BEARMAN, whose address is % SAMUEL W. BEARMAN, LC 820 N. 12TH AVE PENSACOLA, FL 32501 within 20¹ days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

    WITNESS my hand and the seal of this Court on July 8, 2009.

                ERNIE LEE MAGAHA, Clerk
                Circuit & County Courts

                By: _Martha Yeager_
                      Deputy Clerk

Dkt ID: *00025807292* / Dkt CD: CA1090 / Case: 2009 CA 002132

¹Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.



## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT,
## IN AND FOR ESCAMBIA COUNTY, FLORIDA

JAMES HAMRAC , et al.
     **Plaintiff(s),**

VS.

           **Case No.**     2009 CA 002132
           **Division:**     E

DOREL INDUSTRIES, INC. , et al.
     **Defendant(s).**

_____

**S U M M O N S**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in the above styled cause upon the defendant DOREL JUVENILE GROUP, INC. Doing Business As COSCO JUVENILE .

Each defendant is required to serve written defenses to said complaint on plaintiff's attorney SAMUEL W BEARMAN, whose address is % SAMUEL W. BEARMAN, LC 820 N. 12TH AVE PENSACOLA, FL 32501 within 20[1] days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

WITNESS my hand and the seal of this Court on July 8, 2009.

           ERNIE LEE MAGAHA, Clerk
           Circuit & County Courts

(seal)

           By: _Martha Yeager_
                  Deputy Clerk

---

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT,
## IN AND FOR ESCAMBIA COUNTY, FLORIDA

JAMES HAMRAC , et al.
    **Plaintiff(s),**

VS.

                    **Case No.**    2009 CA 002132
                    **Division:**    E

DOREL INDUSTRIES, INC. , et al.
    **Defendant(s).**

_____

### S U M M O N S

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint in the above styled cause upon the defendant TOYS R US - DELAWARE INC .

    Each defendant is required to serve written defenses to said complaint on plaintiff's attorney SAMUEL W BEARMAN, whose address is % SAMUEL W. BEARMAN, LC 820 N. 12TH AVE PENSACOLA, FL 32501 within 20[1] days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

    WITNESS my hand and the seal of this Court on July 8, 2009.

                                  ERNIE LEE MAGAHA, Clerk
                                  Circuit & County Courts

(seal)

                                By:___Martha Yeager___
                                     Deputy Clerk

---

[1]Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

# IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, ESCAMBIA COUNTY, FLORIDA

JAMES HAMRAC , et al.
**PLAINTIFFS,**

VS.

**CASE NO:** 2009 CA 002132
**DIVISION:** E

DOREL INDUSTRIES, INC. , et al.
**DEFENDANTS,**

---

## S U M M O N S
### PERSONAL SERVICE ON A NATURAL PERSON

TO DEFENDANT:

SAMUEL J JAMES

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint or petition with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Petitioner or Plaintiff's/Petitioner's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Petitioner or Plaintiff's/Petitioner's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffusant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-desses et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saiais par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres abligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Petitioner or Plaintiff's/Petitioner's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

SAMUEL W BEARMAN
% SAMUEL W. BEARMAN, LC
820 N. 12TH AVE
PENSACOLA FL 32501

PLAINTIFF/PETITIONER OR PLAINTIFF'S/PETITIONER'S ATTORNEY
THE STATE OF FLORIDA

If you are a person with a disability who needs any accommodation in order to participate in a court proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Sheba Sims, Chief Deputy Court Administrator, Office of Court Administration, (850) 595-4400, M.C. Blanchard Judicial Center, 5th Floor, 190 Governmental Center, Pensacola, FL 32502 within 2 working days of your receipt of this summons; if you are hearing or voice impaired, call 711.

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint or Petition in this lawsuit on the above-named Defendant.

DATED on: July 8, 2009

(Seal)

ERNIE LEE MAGAHA
CLERK OF THE CIRCUIT COURT

By: _____
DEPUTY CLERK

Dkt ID: *00043932780*    Case: 2009 CA 002132

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

JAMES HAMRAC and STEPHANIE HAMRIC,
Husband and Wife, and
JAMES HAMRAC and STEPHANIE HAMRIC,
as natural parents and guardians of
███████████,
a minor,

PLAINTIFFS,                                    CASE NO.: 2009-CA2132E

vs.

DOREL INDUSTRIES, INC., DOREL
JUVENILE GROUP, INC., d/b/a COSCO JUVENILE,
TOYS R US - DELAWARE, INC., and SAMUEL J. JAMES,

DEFENDANTS.

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE, that on this date, Defendants Dorel Industries, Inc. and Dorel Juvenile Group, Inc., d/b/a Cosco Juvenile duly forwarded and filed a Notice of Removal in the United States District Court for the Northern District of Florida, Pensacola Division in the above-styled case, seeking removal of this case from the Circuit Court of Escambia County, Florida to the United States District Court for the Northern District of Florida, Pensacola Division. A true and correct copy of the Notice of Removal is attached hereto as Exhibit 1. (Exhibits A and B to the Notice of Removal are not attached to Exhibit 1 as the documents comprising them are numerous.)

Accordingly, Defendants respectfully represent that, by virtue of law, the above-styled case is now removed and that all further proceedings in this Court are due to be stayed.



EXHIBIT
B

Respectfully submitted on this the 2nd day of September, 2009.

JOHN C. S. PIERCE  (PIE009)
MICHAEL A. MONTGOMERY (0806811)
Attorneys for Defendants, Dorel Industries,
Inc. and Dorel Juvenile Group, Inc., d/b/a
Cosco Juvenile & Toys R Us - Delaware,
Inc.

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER
   KATZ CRAIG, LLP
1110 Montlimar Drive, Ste. 1050
Mobile, AL  36609
Telephone:  251-338-3801
Facsimile:  251-338-3805
Email:  jpierce@butlerpappas.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to following

by U.S. Mail, first class postage pre-paid, on this 2nd day of September, 2009:

Samuel W. Bearman, Esq.
820 North 12th Avenue
Pensacola, FL  32501

COUNSEL