UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES HAMRAC and STEPHANIE    *
HAMRAC, Husband and Wife, and    *
as natural parents and guardians of    *
JH, a minor,    *
   *      Case No.: 3:09cv390/RV/MD
        Plaintiffs,    *
   *
vs.    *
   *
DOREL JUVENILE GROUP, INC.,    *
   *
        Defendant.    *

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Dorel Juvenile Group, Inc. ("Dorel"), pursuant to Rule 56 of the Federal

Rules of Civil Procedure, submits this Memorandum in Support of its Motion for Summary

Judgment.  It seeks judgment as a matter of law as to all claims asserted against it on the

ground that they are barred by the applicable four-year statute of limitations

### I.    INTRODUCTION

Plaintiffs allege that their son, JH, was injured in an automobile accident because

the Dorel car seat he was using was defectively designed.  The accident occurred on April

6, 2003.  Plaintiffs' lawsuit, however, was not filed until July 1, 2009.  Under Florida law,

actions for negligence or products liability must be brought within four years from the date

that the facts giving rise to the cause of action were discovered, or should have been

discovered with the exercise of due diligence.  Fla. Stat. §§ 95.031(2)(b) and 95.11(3).

II.   **STATEMENT OF FACTS**

The facts needed to resolve Dorel's Motion for Summary Judgment are set forth in its accompanying Statement of Material Facts, hereinafter abbreviated as "SOMF."

A.   **The Accident**

On April 6, 2003, Plaintiff James Hamrac was stopped at a red light in Escambia County, Florida, when his car was hit in the rear and pushed into the vehicle in front of him ("the Accident").   SOMF 1.   The photographs below show the extensive damage to Plaintiff's car as a result of the Accident.   SOMF 2.





At the time of the Accident, Plaintiffs' son, JH, was in a car seat manufactured and sold by defendant Dorel.  SOMF 3.  After the Accident, James Hamrac found JH completely out of his car seat and crawling towards him from the rear of the car.  SOMF 4.

**B.**     **The Alleged Defect**

Within two weeks of the Accident, Plaintiffs inspected the car seat and discovered that its chest clip was broken.  SOMF 8.  For a year following the Accident, Plaintiffs planned to notify Dorel about the broken chest clip but never did so.  SOMF 13.

### C.   JH's Injury

While he was in the hospital following the Accident, JH complained that his head hurt, and his mother observed scrapes and scratches on his forehead. SOMF 5. When JH was discharged from the hospital on April 6, 2003, Stephanie Hamrac signed a "Discharge Instructions Receipt" which said "FINAL DIAGNOSIS: closed head injury." SOMF 6. Within two weeks of the Accident, Plaintiffs knew JH had a large bump on his head. SOMF 7.

By the end of 2004, Plaintiffs had contacted a Dr. Pickens to discuss JH's increasingly aggressive behavior. SOMF 14. By the end of 2004, Plaintiffs knew that JH had injured his head in the Accident but did not know the extent of the injury. SOMF 15. JH was born on May 5, 1999. SOMF 16. Accordingly, he was more than ten years old by the time Plaintiffs finally filed this lawsuit. SOMF 17.

### D.   Causation

Within two weeks of the Accident, Plaintiffs believed that the broken chest clip on the car seat had caused JH's head injury. SOMF 9.

### E.   Timeliness

On or about April 9, 2003, James Hamrac was told by his insurance company, State Farm, that to make a claim with it, he had to identify all bodily injuries within one year of the Accident. SOMF 10. Within a year of the Accident, Plaintiffs retained Samuel Bearman as their lawyer to seek recovery for injuries suffered in the Accident. SOMF 11. On behalf of Plaintiffs, Mr. Bearman recovered $50,000 from State Farm for JH's injury claim. SOMF 12.

Plaintiffs filed this action against Dorel on July 1, 2009, in the Circuit Court for Escambia County, Florida.  SOMF 17.

## III.   ARGUMENT

### A.   <u>Standard of Review</u>

The party seeking summary judgment bears the initial burden to show the that there are no genuine issues of material fact.  *Da Mortgage, Inc. v. City of Miami Beach*, 486 F3d 1254, 1265 (11th Cir. 2007).  Although the court must view all the evidence, and all factual inferences reasonably drawn from the evidence, in the light most favorable to the nonmoving party, summary judgment for the moving party is required when the evidence favoring the nonmoving party is merely colorable or is not significantly probative.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A mere scintilla of evidence in support of the nonmoving party's position will not suffice to demonstrate a material issue of genuine fact that precludes summary judgment.  *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009).

**B.      Plaintiffs' Action is Time-Barred Because the Cause of Action Accrued on the Date of the Accident**

Florida imposes a four-year statute of limitations on claims for personal injury.  *See* Fla. Stat. § 95.11(3);  *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1518 (11th Cir. 1996).   The statute of limitations begins to run at the time the cause of action accrues. *Florida Power & Light Co.*, *supra*, 85 F.3d at 1518. "An action for products liability under § 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031.

Under Florida law, it is well-established that the statute of limitations for a personal injury action "begins to run from the time the injury is first inflicted, and not from the time when the full extent of the damages sustained has been ascertained." *Seaboard Air Line R.R. Co. v. Ford*, 92 So.2d 160, 164 (Fla. 1955) (*affirmed in relevant part*, *overruled on an unrelated point of law*), quoted in *Larson & Larson P.A. v. TSE Industries, Inc.*, 22 So.3d 36, 42 (Fla. 2009) and *Tobin v. Damian*, 772 So.2d 13, 16 (Fla. App. 4th Dist. 2000) (affirming award of summary judgment due to running of statute of limitations).

This time of injury rule is not unique to Florida.  Cases throughout the country hold that the limitations period begins to run from the date of the injury, and not from the time the full extent of the injury is discovered.  *Larson & Larson, supra*, 22 So.3d at 42.

This general rule applies in the vast majority of cases, including those involving automobile accidents.  In *Johnson v. Deluxe Tire Service*, 544 So.2d 1158 (Fla. App. 5th Dist. 1989), Plaintiff was injured in an accident on January 16, 1980, when a tire came off

-6-

her car.  On April 10, 1981, she sued the company that had installed the tire, but she did not add a party who had re-tightened the tire until May 22, 1986.  The court affirmed the award of summary judgment for this new party, holding that the action against it was barred by the four-year statute of limitations.  Similarly, in *Carter v. Cross*, 373 So.2d 81 (Fla. App. 1979), Plaintiff was in an automobile accident on March 8, 1974, but claimed she did not learn her resulting injury was permanent until June 3, 1974.  She filed her complaint on May 18, 1978.  The district court dismissed it as untimely, and the appellate court affirmed.

The same result should be reached here.  The Accident occurred on April 6, 2003.  (SOMF 1).  On that day, JH was taken to the emergency room complaining that his head hurt; his mother noticed scrapes and scratches on his forehead, and she signed a discharge paper which described JH's final diagnosis as a "closed head injury." (SOMF 1, 5, 6).  Thus, the statute of limitations began to run on Plaintiffs' claims on April 6, 2003.  Plaintiffs, however, did not file this action until July 1, 2009, more than two years after the limitations period expired.  (SOMF 17).  Accordingly, Plaintiffs' action is barred under § 95.11(3) for failure to file a timely complaint.

### C. The "Delayed Discovery" Rule Does Not Apply to Plaintiffs' Cause of Action

Plaintiffs no doubt will claim that they did not discover the extent of JH's alleged brain injury until a doctor's visit in August of 2005, and they no doubt will argue that their cause of action did not accrue until that time.  Neither the facts nor the law, however, will support this argument.

The Florida Supreme Court has recognized that the "delayed discovery" doctrine does not apply to tort actions that involve an automobile collision.  *Hearndon v. Graham,*

767 So.2d 1179, 1185 (Fla. 2000) (event giving rise to cause of action for damages resulting from an auto accident is the actual collision).  The discovery doctrine, which provides that "a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action," is reserved for those rare circumstances where a plaintiff cannot readily discover that he suffered injuries, *e.g.*, childhood sexual abuse and medical negligence cases. *Id.* at 1185-86.

Courts will not apply the delayed discovery doctrine merely because a plaintiff learned the full extent of her injuries at a date long after the negligent act causing them. As far back as 1953, the Florida Supreme Court held that a minor's action was untimely, even though his partial blindness did not materialize until 18 months after he was thrown off his tricycle by defendant's truck. *Cristiani v. City of Sarasota*, 65 So.2d 878, 879 (Fla. 1953).  The continuing validity of *Cristiani* was recently confirmed in *Carter v. Lowe's Home Center*, 954 So.2d 734, 735 (Fla. App. 1st Dist. 2007), where the court barred a personal injury claim as untimely and refused to apply the delayed discovery doctrine, citing *Cristiani*'s ruling that the "statute of limitations generally runs from the notice of the negligent act rather than notice of its consequences." *See also*, *Larson & Larson, P.A. v. TSE Industries, Inc.*, 22 So.3d 36, 42 (Fla. 2009) (cause of action accrues and statute begins to run from time injury is first inflicted, not from time full extent of damages has been ascertained); *Kolnick v. Fountainview Assoc.*, 737 So.2d 1192, 1193 (Fla. App. 3rd Dist. 1999) (statute commenced when mold was discovered, not when plaintiff learned "severity" of his resulting injuries).

Here, Plaintiffs' cause of action arises out of an automobile accident that occurred on April 6, 2003. (SOMF 1). Therefore, under the well-settled time of injury rule, the statute of limitations began to run on that day.

Moreover, even if this court chose to apply the delayed discovery rule, this action would still be untimely. By April 20, 2003, Plaintiffs knew that JH had a large bump on his forehead (SOMF 7) and that the chest clip on his car seat was broken (SOMF 8), and they had concluded that the broken clip had caused JH's head injury (SOMF 9). By April 20, 2004, Plaintiffs had retained an attorney to seek recovery for injuries suffered in the Accident (SOMF 11), and he subsequently did recover $50,000 on behalf of JH from Plaintiffs' insurer. (SOMF 12). By the end of 2004, Plaintiffs had contacted a doctor to discuss JH's increasingly aggressive behavior, and they admitted that, by that time, they knew JH had injured his head in the Accident even though they did not know the extent of his injury. (SOMF 14, 15). Accordingly, by the end of 2004, Plaintiffs knew or reasonably should have known of the tortious act giving rise to their cause of action. *Hearndon v. Graham,* 767 So.2d 1179, 1184 (Fla. 2000). Because they failed to file this suit within four years of that date, their action is time-barred and summary judgment is appropriate.

## CONCLUSION

Based upon the foregoing, Defendant Dorel Juvenile Group, Inc. respectfully submits that all claims made by Plaintiffs are barred by the statute of limitations, and so it is entitled to summary judgment as a matter of law.

Respectfully submitted,

_/s/ JOHN C.S. PIERCE (PIERJ0347)_
JOHN C.S. PIERCE
Attorney for Dorel Juvenile Group, Inc.

OF COUNSEL:
BUTLER PAPPAS WEIHMULLER
    KATZ CRAIG, LLP
1110 Montlimar Drive, Ste. 1050
Mobile, AL  36609
Telephone:  251-338-3801
Facsimile:  251-338-3805
Email:  jpierce@butlerpappas.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document has been electronically filed and furnished to following this 26th day of February, 2010.

Samuel W. Bearman
820 North 12th Avenue
Pensacola, FL  32501

_/s/ JOHN C.S. PIERCE_
COUNSEL